UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

LENNASIA HARVEY,

Plaintiff,

-against-

CITY OF NEW YORK; Police Officer MICHAEL GALLAGHER, Shield No. 6555; Police Officer SHREEGANES MEADE, Shield No. 867; Police Officer JOHN PASKINS, Shield No. 11724; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as their true names are presently unknown),

Defendants.

----------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

18-CV-1056

## INTRODUCTION

1. Plaintiff LennAsia Harvey ("Plaintiff"), through her attorney, Joe Stancati, Esq., brings this action for compensatory damages, punitive damages and attorneys' fees for the wrongful and illegal acts of Defendants CITY OF NEW YORK ("CITY"), New York City Police Department ("NYPD") Police Officer MICHAEL GALLAGHER ("GALLAGHER"), NYPD Police Officer SHREEGANES MEADE ("MEADE") and NYPD Police Officer JOHN PASKINS ("PASKINS") (collectively, "DEFENDANTS"), in violation of Plaintiff's rights under New York state law and the laws and Constitution of the United States of America.

## NATURE OF THE ACTION

2. This is an action to recover money damages on Plaintiff's behalf arising out of DEFENDANTS' violation of Plaintiff's rights upheld by 42 U.S.C. § 1983, the Fourth

and Fourteenth Amendments to the Constitution of the United States of America, New York State Constitution Article I, §§ 11-12, New York Civil Rights Law § 8 ("NYCRL") and New York City Human Rights Law §§ 8-101, 8-107 ("NYCHRL").

## JURISDICTION AND VENUE

3. This action seeks redress for the violation of Plaintiff's constitutional and civil rights, pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff resides in the State of New Jersey in Essex County; all of the events pertinent to this action occurred in New York County in the City and State of New York.

8. Defendant CITY is a municipal corporation organized under the laws of the State of New York. It is authorized by law to maintain and operate the NYPD, an agency of Defendant CITY in the area of law enforcement. Defendant CITY is thereby responsible for the actions of the NYPD. The NYPD is responsible for the training, appointment, supervision, promotion and discipline of police officers and supervisory police officers, including the individually-named defendants herein.

9. Defendants GALLAGHER, MEADE and PASKINS, at all pertinent times,

were carrying out their official duties as police officers, detectives or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law. Defendants GALLAGHER, MEADE and PASKINS are sued in their individual and official capacities.

10. Plaintiff presently does not know the real names and shield numbers of defendants JOHN and JANE DOE 1 through 10.

11. Defendants JOHN and JANE DOE 1 through 10, at all pertinent times, were carrying out their official duties as police officers, detectives or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law. Defendants JOHN and JANE DOE 1 through 10 are sued in their individual and official capacities.

## FACTS

12. Plaintiff is an African-American, black woman who is 22 years old.

13. Besides this incident, Plaintiff has never been arrested or charged with any crime by police in any jurisdiction.

14. On November 10, 2016, at about 10:45 p.m., Plaintiff, along with her friend "Sharon" (that name being fictitious in the interest of her privacy), had just exited the Plaza Hotel, located at 768 Fifth Avenue in Manhattan.

15. Plaintiff and Sharon had just finished performing a concert at the Plaza Hotel as members of the Harlem Gospel Choir and were walking to the subway, intending to travel home.

16. Outside of Trump Tower (located at 725 Fifth Avenue), on Fifth Avenue, approximately 100 people were present and engaged in a protest demonstration.

17. There was a significant presence of NYPD police officers in the immediate vicinity of the demonstration.

18. In order to get to their subway, Plaintiff and Sharon had to walk past this demonstration.

19. As they were doing so, a middle-age white man shouted questions at them, in effect "asking", in sum and substance, "Why are you protesting?!"

20. Plaintiff and Sharon were not protesting.

21. They ignored this man and continued to walk to the subway.

22. This man began to follow them and shouted at them that they were "black beasts" and "niggers."

23. Plaintiff continued ignoring this man.

24. Sharon told him to "leave us alone" and "stop following us."

25. This man continued to follow them for about two blocks.

26. He then walked faster and physically got within two feet of Plaintiff and Sharon, while continuing his racist ranting, louder and more aggressively than before.

27. There remained a significant presence of NYPD police officers in the immediate vicinity of Plaintiff, Sharon and this man.

28. This man told Sharon "that he was going to fuck her up."

29. Upon information and belief, Sharon tried to push this racist stalker away from them.

30. The man dramatically and conspicuously fell to the ground.

31. Immediately, several NYPD police officers came to the scene.

32. The Defendant NYPD police officers interrogated Plaintiff and Sharon

about what had happened, for about ten minutes, and then interrogated the man for about ten minutes.

33. To Plaintiff's knowledge, and upon information and belief, the man did not claim to any of the Defendant NYPD police officers that Plaintiff was in any way involved in a verbal altercation with him, a physical altercation with him, or that Plaintiff had said or done anything to him whatsoever.

34. After the interrogations, the Defendant NYPD police officers told them all to wait there on the sidewalk, continuing to keep Plaintiff in custody for about fifteen minutes longer.

35. Upon information and belief, an NYPD sergeant at the scene who was a white man, possibly Defendant GALLAGHER, MEADE or PASKINS, or JOHN DOE 1, said, in sum and substance, "Lock 'em up."

36. Along with Sharon, Plaintiff was handcuffed and arrested, despite the NYPD police officers having no grounds to believe that Plaintiff had done anything to the man at all, let alone probable cause or reasonable suspicion to believe that Plaintiff done anything illegal.

37. Plaintiff asked the Defendant NYPD police officers why she was being arrested, and Defendant JOHN DOE 2 replied, in sum and substance, "I don't know. I'm just here. I'm just an arresting cop."

38. Plaintiff was put into a police car which transported her to the NYPD 18th Precinct.

39. The inside of the police car was hot with little to no air circulation, which made it difficult for Plaintiff to breathe, along with Plaintiff's severe anxiety due to being

falsely arrested.

40. This caused Plaintiff to experience fear for her life and severe emotional distress.

41. The night when this incident occurred, after Plaintiff was released from custody, Plaintiff was unable to sleep at all due to the mental and emotional distress from what had happened to her.

42. At the precinct, Plaintiff and her belongings were searched, after which she was put into a room and handcuffed to a bench.

43. After about an hour and having been held in custody for over two hours, Plaintiff was released.

44. One of the Defendant NYPD police officers who was at the scene told Plaintiff that she was being released because, in sum and substance, the white man told the Defendant NYPD police officers that Plaintiff "had nothing to do with the altercation."

45. The following day, there was a story broadcast on the local evening news about the incident.

46. The story included video footage of Plaintiff surrounded by NYPD police officers after she had been handcuffed and arrested.

47. Of the five Defendant NYPD police officers in her immediate vicinity in the video, three appear to be white men.

48. This story depicting Plaintiff as a criminal, along with other published stories and images regarding the incident, caused severe emotional suffering, humiliation and embarrassment to Plaintiff.

49. Prior to this incident, Plaintiff had an excellent reputation as a musician and

as a person within her community, which was put into question by this publicized false arrest.

50. Prior to this incident, Plaintiff was scheduled to perform as a singer at two separate events occurring on the following two days.

51. Both employers for these events had seen the aforementioned televised news story, and therefore asked Plaintiff not to perform at the events.

52. Plaintiff lost income as a result.

## NOTICE OF CLAIM

53. Plaintiff timely filed a Notice of Claim regarding this incident with the Comptroller of the City of New York on February 7, 2017.

54. Defendant CITY assigned Plaintiff a claim number, and Plaintiff underwent an examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h on May 22, 2017.

55. Defendant CITY and Plaintiff have not reached a settlement.

56. The present action has been commenced within one year and ninety days of the date of the incident on which this Complaint is based.

## FIRST CLAIM
**False Arrest under 42 U.S.C. § 1983.**

57. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

58. As a result of all herein-named Defendant NYPD police officers' aforementioned conduct, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant officers, without any probable cause, privilege or consent.

59. As a result of the aforementioned conduct of these Defendant Officers, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant Officers, without any probable cause, privilege or consent.

60. As a direct and proximate result of the foregoing, these Defendant Officers deprived Plaintiff of her liberty for at least over two hours, and Plaintiff was at all times aware of her confinement. Plaintiff was subjected to handcuffing and other physical restraints without probable cause.

61. As a direct and proximate result of her false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community. Plaintiff's reputation with her community suffered as a result of this false arrest.

62. Plaintiff suffered physical discomfort, fear for her life, mental and emotional torment, and public humiliation and embarrassment.

63. These Defendant Officers carried out the aforementioned acts under color of state law.

64. This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

65. These actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

66. These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

**SECOND CLAIM**
**Violation of New York State Constitution Article I, §§ 11-12.**

67. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

68. Plaintiff is an African-American, black woman.

69. As a result of all herein-named Defendant NYPD police officers' aforementioned conduct, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant officers, without any probable cause, privilege or consent.

70. As a result of the aforementioned conduct of these Defendant Officers, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant Officers, without any probable cause, privilege or consent.

71. As a direct and proximate result of the foregoing, these Defendant Officers deprived Plaintiff of her liberty for at least over two hours, and Plaintiff was at all times aware of her confinement. Plaintiff was subjected to handcuffing and other physical restraints without probable cause.

72. These Defendant Officers took these actions, solely or in part, because they were motivated to discriminate against Plaintiff due to her race and color.

73. These Defendant Officers thus violated Plaintiff's rights to the equal protection of the laws of New York, for which these Defendant Officers are liable in their individual and official capacities.

74. Defendant CITY is a municipal corporation organized under the laws of the

State of New York.

75. The NYPD is an agency of Defendant CITY.

76. Defendant CITY is therefore liable for said actions by these Defendant Officers.

77. As a direct and proximate result of said actions, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community. Plaintiff's reputation with her community suffered as a result of this false arrest.

78. Plaintiff suffered physical discomfort, fear for her life, mental and emotional torment, and public humiliation and embarrassment.

79. These actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

80. These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

81. Defendant CITY is liable for compensatory and punitive damages, in amounts to be determined at trial.

**THIRD CLAIM**
**Violation of NYCRL § 8.**

82. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

83. As a result of all herein-named Defendant NYPD police officers' aforementioned conduct, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant officers, without any probable cause, privilege or consent.

84. As a result of the aforementioned conduct of these Defendant Officers, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant Officers, without any probable cause, privilege or consent.

85. This false arrest and imprisonment was an unreasonable seizure of Plaintiff's person.

86. As a direct and proximate result of the foregoing, these Defendant Officers deprived Plaintiff of her liberty for at least over two hours, and Plaintiff was at all times aware of her confinement. Plaintiff was subjected to handcuffing and other physical restraints without probable cause.

87. As a direct and proximate result of her false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community. Plaintiff's reputation with her community suffered as a result of this false arrest.

88. Plaintiff suffered physical discomfort, fear for her life, mental and emotional torment, and public humiliation and embarrassment.

89. These Defendant Officers carried out the aforementioned acts under color of state law.

90. This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by NYCRL § 8 and the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

91. These actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

92. These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

**FOURTH CLAIM**
**Violation of NYCHRL § 8-101, § 8-107**

93. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

94. Plaintiff is an African-American, black woman.

95. As a result of all herein-named Defendant NYPD police officers' aforementioned conduct, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant officers, without any probable cause, privilege or consent.

96. As a result of the aforementioned conduct of these Defendant Officers, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined, imprisoned and incarcerated by said Defendant Officers, without any probable cause, privilege or consent.

97. This false arrest and imprisonment interfered with Plaintiff's exercise and enjoyment of her right to be free from unreasonable seizure of her person.

98. Defendants were motivated, in whole or in part, to falsely arrest and imprison Plaintiff due to her race and color.

99. As a direct and proximate result of the foregoing, these Defendant Officers deprived Plaintiff of her liberty for at least over two hours, and Plaintiff was at all times aware of her confinement. Plaintiff was subjected to handcuffing and other physical restraints without probable cause.

100. As a direct and proximate result of her false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community. Plaintiff's reputation with her community suffered as a result of this false arrest.

101. Plaintiff suffered physical discomfort, fear for her life, mental and emotional torment, and public humiliation and embarrassment.

102. These Defendant Officers carried out the aforementioned acts under color of state law.

103. This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by NYCHRL § 8-101, § 8-107 and the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

104. These actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

105. These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

**FIFTH CLAIM**
**Municipal Liability under 42 U.S.C. § 1983**

106. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

107. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to her by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

108. The acts of the individual Defendant Officers complained of herein were

committed while they were carrying out their official duties as police officers, detectives or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law.

109. The acts of the individual Defendant Officers complained of herein were committed pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

110. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD produced a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

111. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

112. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

113. Defendant Officers, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

114. Defendant Officers, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

115. Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of

persons in its domain who suffer violations of the right to freedom from false arrest and prosecution not based on probable cause or reasonable suspicion, and race- or color-based discrimination, in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

116. All of the foregoing acts by DEFENDANTS deprived Plaintiff of federally-protected rights, including, inter alia, the right:

a. To be free from search, seizure, arrest, and imprisonment not based upon reasonable suspicion or probable cause;

b. To be free from and race- or color-based discrimination; and

c. To be free from deprivation of liberty without due process of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

1. Compensatory damages against all defendants, jointly and severally;
2. Punitive damages against the individual defendants, jointly and severally;
3. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
4. Such other and further relief as this Court deems just and proper.

Dated: February 6, 2018
New York, NY

Respectfully,

**Law Office of Joe Stancati**
305 Broadway, 9th Floor
New York, NY 10007
212-822-1456 (office)
212-858-9205 (cell)
212-656-1363 (fax)
joe@stancati-law-nyc.com

*Attorney for Plaintiff*